**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **Capitol Park Limited Dividend** | ) | **CASE NO. 1:04 CV 1408** |
| **Housing Association,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Alphonso Jackson, Secretary U.S.** | ) | <u>**Memorandum of Opinion and Order**</u> |
| **Department of Housing, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |


<u>**INTRODUCTION**</u>

This matter is before the Court upon the Federal Defendant's Motion for Summary Judgment (Doc. 38).  This case arises out of alleged discrimination occurring within a federally subsidized apartment complex.  Although captioned as a motion for summary judgment, the Court finds that the motion is more appropriately treated as a motion to dismiss for lack of jurisdiction.  For the reasons that follow, the motion is GRANTED because this Court lacks jurisdiction over this matter with respect to the moving defendant.

1

## FACTS

Plaintiff, Capitol Park Limited Dividend Housing Association (hereafter "Capitol") filed this lawsuit against defendants, Millennia Housing Management Limited (hereafter "Millennia") and Alphonso Jackson, Secretary U.S. Department of Housing and Urban Development (hereafter "HUD") alleging wrongdoing in connection with federally subsidized housing.  This Court previously granted summary judgment in favor of Millennia.

At the time this lawsuit commenced, Capitol owned an apartment building with 98 units in Lansing, Michigan.  The building is known as "The Porter."  In 1981, Capitol entered into a regulatory agreement with HUD pursuant to Section 221(d)(4) in which HUD agreed to insure a mortgage in the amount of $4,051,200.   In addition, pursuant to a Housing Assistance Program Agreement ("HAP"), HUD agreed to subsidize a portion of the rent.  In exchange, Capitol agreed to operate the Porter as Section 8 housing.  Subject to certain income restrictions, the Porter is open to individuals over the age of 62, as well as handicapped individuals regardless of age. Beginning in 1996, Millennia began operating the Porter and, according to plaintiff, only disabled individuals have become tenants since that time.

In 2002, Capitol and HUD commenced discussions about renewing the regulatory agreement and the HAP.  According to Capitol, HUD indicated that the Porter was to become part of HUD's Mark to Market Program.  Under this program, rent at the Porter would be reduced in order to more adequately reflect current market prices in Lansing.  In exchange, HUD agreed to adjust the underlying mortgage obligation to compensate for the reduction in rental income.  Regardless of whether Capitol agreed to the renegotiation terms, the rents would be reduced.

2

Plaintiff alleges that in 2002, HUD and Millennia were "causing" the Porter to be occupied primarily by disabled individuals who were less than 62 years old.  Capitol believed that this practice resulted in the illegal "warehousing" of disabled individuals.  As a result of this conduct, Capitol refused to accept the renewal offer made by HUD.  The rents were subsequently reduced and Capitol was unable to make the mortgage payments.  Thereafter, HUD, as insurer, paid off the mortgage, instituted foreclosure proceedings and scheduled a foreclosure sale.  Plaintiff filed a motion for a temporary restraining order and preliminary injunction asking this Court to prevent the foreclosure sale.  The Court denied plaintiff's motion and the foreclosure sale proceeded as scheduled.

Plaintiff's complaint contains five "claims" for relief.  Count one is captioned "injunctive relief–desegregation of the Porter."  Plaintiff appears to rely on a number of federal statutes dealing with both housing and discrimination.  Count two also seeks injunctive relief by asking this Court to prevent the foreclosure sale.  Count three is a claim for "injunctive and other relief–violation of constitutional right to due process."  Count four asserts a claim for breach of duty and count five is a claim for "damages."

## STANDARD OF REVIEW

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton*, 798 F.2d 913, 915 (6th Cir. 1986).  This burden is not onerous.  *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  The party need only show that the complaint alleges a substantial claim under federal law. *Id*.

3

A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id*.  Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id*.  Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id*.  In such cases, the truthfulness of the complaint is not presumed.  *McGee v. East Ohio Gas Co.*, 111 F.2d 979, 982 (S.D. Ohio 2000) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)).  Instead, the Court may weigh any evidence properly before it.  *Morrison v. Circuit City Stores, Inc.*, 70 F.Supp.2d 815, 819 (S.D. Ohio 1999) (citing *Ohio Nat'l*, 922 F.2d 320; *Rogers*, 798 F.2d 913).

When presented with a facial attack, the non-moving party "can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical*, 89 F.3d at 1248.  Thus, such a motion will be granted only if, taking as true all facts alleged in the complaint, the Court is without subject matter jurisdiction to hear the claim.  *Matteson v. Ohio State University*, 2000 WL 1456988 *3 (S.D. Ohio Sept. 27, 2000).

**DISCUSSION**

HUD moves for summary judgment on the grounds that this Court lacks jurisdiction over plaintiff's claims because the government has not waived sovereign immunity.  HUD points out that, although plaintiff's complaint cites to a number of statutes[1], the complaint does not point to

---

[1]      Plaintiff alleges in its complaint that segregating disabled individuals at the Porter violates the Rehabilitation Act of 1973, The 1987 Developmental Disabilities Bill of Rights Act, Medicare Act of 1987, 1988 Fair Housing Amendments Act, Americans with Disabilities Act of 1990, Cranston Gonzales Act of 1990, Community Development Act of 1992 and the Code of Federal Regulations developed by HUD.

4

a specific provision of any statute allegedly violated by HUD.  The gist of plaintiff's complaint, however, appears to be that HUD breached a statutory obligation to assist plaintiff in desegregating the disabled population at the Porter.  In its motion, HUD "presumes" that jurisdiction over this matter arises "under either the United States Housing Act of 1937, the Administrative Procedure Act or the National Housing Act."  According to HUD, these statutes do not contain an applicable waiver of sovereign immunity and, as such, this Court lacks jurisdiction over this matter.

In response, plaintiff again fails to point to a specific statutory provision on which its claims are based.  Nor does plaintiff point to an applicable waiver of sovereign immunity.  Instead, plaintiff simply analyzes the cases relied on by HUD in making its motion.  Although the cases "summarized" by plaintiff admittedly recognize that HUD may be amenable to suit for certain conduct, plaintiff wholly fails to apply any of the cases relied on to the facts or claims at issue in this case.  Most, if not all, of the cases noted are inapplicable.  For example, plaintiff points out that in *N.A.A.C.P. v. Secretary of Housing and Urban Development*, 817 F.2d 149 (1st Cir. 1987), the First Circuit concluded that the Administrative Procedure Act, 5 U.S.C. §§ 702, 706, waives sovereign immunity with respect to equitable relief sought pursuant to certain provisions of Title VIII of the Civil Rights Act, 42 U.S.C. §§ 3601-3631.[2]  *See also Almonte v. Pierce*, 666 F.Supp. 517 (S.D.N.Y. 1987)(review of HUD's action's actions appropriate under Administrative Procedure Act).  Plaintiff, however, did not assert its claims pursuant to the Administrative Procedure Act and has not sought to amend its complaint in order to remedy this failure.

---

[2]       Title VIII is also known as the Fair Housing Act.

5

Even if plaintiff's complaint could somehow be read to seek review of agency action under the Administrative Procedure Act, the Act itself provides only for equitable relief.  In this case, the Court finds that plaintiff's request for equitable relief is moot.  Plaintiff filed this lawsuit asking this Court to order HUD to, in essence, desegregate the Porter and halt the foreclosure sale.  Thereafter, plaintiff filed a motion for a temporary restraining order and preliminary injunction seeking to prevent the foreclosure sale, which this Court denied.  The Porter was sold at foreclosure and plaintiff no longer owns the building.  Thus, any request to halt the foreclosure sale is undoubtedly moot.  The Court further finds that, even assuming plaintiff had standing to assert its statutory claims at the commencement of the lawsuit, plaintiff now lacks standing to seek desegregation as a remedy because it no longer owns the Porter.

Having concluded that plaintiff has failed to point to an applicable waiver of sovereign immunity with regard to its statutory claims, the Court now turns to plaintiff's assertion that this case is not based on any "civil rights violation," but rather amounts to a "contract dispute and Unconstitutional Taking" of plaintiff's property.  In its brief in opposition, plaintiff indicates that, as a result of HUD's unconstitutional taking of the Porter, plaintiff is "entitled to compensatory damages."  In its complaint, plaintiff seeks "not less than $3 million" in damages with respect to its takings claim.  (See Am. Compl. at Wherefore Provision ¶ 5).

Defendant argues that because plaintiff is seeking damages in excess of $10,000, any takings or "contract" claim[3] lies exclusively within the jurisdiction of the Federal Court of

---

[3]     The Court notes that plaintiff does not allege a breach of any agreement between itself and HUD.  The only claim that could even arguably be read to assert a claim for breach of contract is Count Four, which is a "breach of duty" claim.  That claim, however, is asserted only against Millennia.

6

Claims.  Plaintiff does not dispute this contention.  Upon review of the parties' arguments and the relevant law, the Court agrees with defendant.

The Tucker Act, 28 U.S.C. § 1491(a)(1), vests the Court of Federal Claims with exclusive jurisdiction to render judgment upon any claim against the United States for money damages exceeding $10,000 that "is founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id*.  The Sixth Circuit recently noted that "[i]t is well-established that '[r]egardless of the nature of relief sought, the availability of the Tucker Act remedy renders premature any takings claim in federal district court.'"  *Coalition for Government Procurement v. Federal Prison Industries, Inc.,* 365 F.3d 435, 479 (6th Cir. 2004) (quoting *Eastern Enter. v. Apfel*, 524 U.S. 498, 521 (1998)).

Plaintiff affirmatively indicates that it is seeking compensatory damages as a result of the illegal "taking" of the Porter.  In addition, to the extent the complaint could somehow be construed to assert a breach of contract claim against HUD, the Tucker Act provides the Court of Claims with jurisdiction to adjudicate the claim.  Based on the clear and unambiguous language set forth in that statute, together with plaintiff's lack of opposition on the point, this Court finds that it lacks jurisdiction to adjudicate these claims.


**CONCLUSION**

For the foregoing reasons, the Court finds that it lacks jurisdiction over this matter. Although captioned as a motion for summary judgment, the Court will treat the motion as one for

7

dismissal.  Defendant's motion is GRANTED.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/11/05

8